## DROOP *v.* RIDENOUR.

DEEDS; CONSIDERATION; ALIMONY; HUSBAND AND WIFE; BURDEN OF PROOF; FRAUD; ASSIGNMENTS FOR BENEFIT OF CREDITORS; PREFERENCES; EVIDENCE; AUTHENTICATION OF DOCUMENTS.

1. It is competent for the grantee in a deed attacked for fraud to show by parol that the true consideration for the conveyance was greater than that recited, the only requirement being that the true or superadded consideration must be of the same nature and kind as that stated in the deed and not inconsistent with it.

2. The surrender of a claim for alimony due, or to become due, under a decree of court, constitutes a valuable consideration as against the creditors of a party bound to pay such alimony.

3. The existence of the relation of husband and wife between the grantor and grantee in a deed does not of itself create a *prima facie* presumption of fraud against creditors.

4. When a deed is attacked by creditors as fraudulent and collusive and the charge includes one of embezzlement against the grantor, the complainants must sustain the burden of proof

which is upon them by clear and indubitable proof, and not upon presumptions and suspicions.

5. In such a case, the conveyance, if for a valuable and adequate consideration, will be upheld as against the grantor's creditors, however fraudulent his purpose in making it was, if the grantee had no knowledge of such purpose.

6. While an absolute conveyance of property by a debtor directly to one of his creditors in payment and discharge of a pre-existing debt or liability, may have the effect of giving a preference to such creditor, it is not an assignment for the benefit of creditors within the meaning of the act of Congress of February 24, 1893, declaring void all preferences of one creditor over another in voluntary assignments for the benefit of creditors.

7. Where creditors attack a deed of their debtor to a third person as fraudulent, they cannot in the same suit, upon the failure of the proof to sustain the charge of fraud, successfully contend that it was, as an assignment for the benefit of creditors, void as making a preference.

8. The method of authentication of documents prescribed by the act of Congress of 1890, is not exclusive of any other which the States may adopt; so that a document offered in evidence in a suit in this District, insufficiently authenticated under that act of Congress, will be admissible if properly authenticated under the Maryland act of Assembly of 1785, Ch. 46, Secs. 1 and 2, in force here.

9. Where a decree of divorce offered in evidence in a collateral suit is not offered to operate as an estoppel, but only by way of explanation and as corroborative of other testimony, the failure to prove the pleadings and depositions in the divorce proceedings is not ground for rejecting the decree itself.

No. 669. Submitted April 30, 1897. Decided June 22, 1897.

HEARING on an appeal by the complainants from a decree dismissing a bill in a suit in equity to have a conveyance of an interest in certain real estate declared void as having been made to hinder, delay and defraud creditors. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles A. Keigwin* and *Mr. William B. Matthews* for the appellants:

1. Apart from any question as to actual or intentional

11 Ct. App—16

fraud, and assuming that Mrs. Ridenour accepted the deed *bona fide* and in discharge of a valid debt, this conveyance can not stand because it amounts to an assignment of the debtor's whole estate with an unlawful preference of a single creditor.   Act of February 24, 1893 (2 Sup. R. S. 90).   A transfer of the debtor's whole estate is an assignment, and is not the less so because made by several conveyances or in various forms: if the result is a general assignment, the transaction is subject to the same rules as apply to assignments in ordinary form.   *White* v. *Cotzhausen,* 129 U. S. 329; *Preston* v. *Spaulding,* 120 Ill. 208; *Freund* v. *Yeagerman,* 26 Fed. Rep. 814; *Winner* v. *Hoyt,* 66 Wisc. 229; *Van Patten* v. *Burr,* 52 Iowa, 518; *Berry* v. *Cutts,* 42 Me. 445; *Bank* v. *Gilmer,* 116 N. C. 684; 117 N. C. 416; *Rison* v. *Knapp,* 1 Dillon, 186.

It is no objection to granting relief, as against an illegal assignment, that the bill is not framed in contemplation of that aspect of the case.   The facts established making a case for relief, the court will decree accordingly without regard to the defects in the bill.   If necessary, amendment may be made to meet the facts as developed.   *Neale* v. *Neale,* 9 Wall. 1; *Tremolo Pateut,* 23 Wall. 518.   So on appeal this court has directed the bill to be amended to cover the relief decreed.   *Lyon* v. *Smith,* 2 App. D. C. 37.

2. The deed is fraudulent as to the grantor.   The transaction presents an unusual number of the badges of fraud. 1st. The near relationship of the parties.   2d. The deed was made while the grantor was absconding, which is a badge of fraud.   *Danjean* v. *Blacketer,* 13 La. Ann. 595. 3d. The consideration is falsely stated.   This is a badge of fraud, and tends to deceive creditors.   Bump. Fraud. Convey. 42; *DeWalt* v. *Doran,* 21 D. C. 174.   4th. The expressed consideration is inadequate.   *Humes* v. *Scruggs,* 94 U. S. 28. 5th. The transfer was made in contemplation of a suit against the grantor.   6th. The secrecy of the transaction.   7th. The deed conveyed the whole of the grantor's worldly posses-

sions, a fact which has always been held suspicious since *Twyne's Case.*

3. The burden of proof is on the defendants. The complainants having shown that the conveyance was made under suspicious circumstances and was fraudulent as to the grantor, the deed can be supported only by affirmative proof of good faith and the payment of a valuable consideration on the part of the grantee. The complainants are not bound to make direct proof of fraud. Circumstantial evidence is admissible to prove fraud, and is in most cases the only possible evidence. *Rea* v. *Missouri,* 17 Wall. 532; *Kempner* v. *Churchill,* 8 Wall. 362; *Waterbury* v. *Sturtevant,* 18 Wend. 353; 3 Greenleaf Evid., Sec. 254; 1 Story Eq. Jur., Sec. 190; *King* v. *Moon,* 42 Mo. 551; *Jackson* v. *Mather,* 7 Cowen, 301. Circumstantial evidence will overcome sworn answers in equity. *Bowden* v. *Johnson,* 107 U. S. 251; *Wheelden* v. *Wilson,* 44 Me. 1; *Sayre* v. *Frederick,* 1 C. E. Green, 209; *Hendricks* v. *Robinson,* 2 Johns. Ch. 301; *Alexander* v. *Todd,* 1 Bond, 175; *Walter* v. *Lane,* 1 MacA. 280. Direct proof of an actual agreement to defraud is never expected. *Watkins* v. *Wallace,* 19 Mich. 77; *DeWalt* v. *Doran,* 21 D. C. 163; *Singer* v. *Jacobs,* 11 Fed. Rep. 559.

Proof of fraud in the grantor shifts the burden to defendants. They are bound to explain every suspicious circumstance and to furnish affirmative proof of good faith. *Crawford* v. *Neal,* 144 U. S. 585; *Jones* v. *Simpson,* 116 U. S. 609; *Venable* v. *Bank,* 2 Peters, 107; *DeWalt* v. *Doran,* 21 D. C. 163. All doubts remaining after defendants' evidence must be resolved against them. *Clements* v. *Moore,* 6 Wall. 315; *Alexander* v. *Todd,* 1 Bond, 175. Defendants can not rely upon the deed because it is admitted to be false in the recital of consideration. *Watt* v. *Grove,* 2 Sch. & Lef. 502; *DeWalt* v. *Doran,* 21 D. C. 163; *Callan* v. *Statham,* 23 How. 477.

4. Mrs. Ridenour is not a purchaser in good faith. Assuming for the present, that she paid a valuable consideration

for the conveyance, yet the circumstances of the transaction, as narrated by herself, indicate that she knew of Albert's fraudulent purpose, or at least was bound to know of it. A conveyance taken under such circumstances is void as to creditors, although the grantee may have paid a valuable consideration. It is not necessary to impute to Mrs. Ridenour any corrupt or even discreditable motives, or to prove that she shared the fraudulent purpose of the grantor. *Enders* v. *Swayne*, 8 Dana, 103; *De Walt* v. *Doran*, 21 D. C. 175; *Edgell* v. *Lovell*, 4 Vt. 412; *Humphries* v. *Freeman*, 22 Texas, 50. It is sufficient that Mrs. Ridenour knew, or by reasonable diligence might have known, of Albert's purpose to defraud creditors. This is true even when a present consideration of value is paid at the time of the conveyance, and *a fortiori* when the only consideration is antecedent indebtedness. *Cadogan* v. *Kennett*, 2 Cowp. 432; *Crowninshield* v. *Kittredge*, 7 Metc. 520; *Blennerhasset* v. *Sherman*, 105 U. S. 100; *Clements* v. *Moore*, 6 Wall. 311; *Biddinger* v. *Wiland*, 67 Md. 359; *Zimmer* v. *Miller*, 64 Md; *Hancock* v. *Horan*, 15 Texas, 507; *Foster* v. *Grigsby*, 1 Bush, 86; *Hough* v. *Dickinson*, 58 Mich. 89; *Johnson* v. *Brandis*, 1 Ind. 263.

It is not material whether or not Mrs. Ridenour believed that Albert's purpose was fraudulent, if the facts were sufficient to indicate that purpose to a person of ordinary prudence. *Toof* v. *Martin*, 13 Wall. 40; *Wager* v. *Hall*, 16 Wall. 601; *Coburn* v. *Proctor*, 15 Gray, 38; *Shauer* v. *Alterton*, 150 U. S. 607. A conveyance is always suspicious, and the vendee is bound to make inquiries, when the vendor undertakes to transfer all his property; in such a case, the vendee who takes without inquiry takes the risk of having the conveyance avoided by other creditors. *Walbrun* v. *Rabbitt*, 16 Wall. 577; *Hoffer* v. *Gladden*, 75 Ga. 537; *Read* v. *Moody*, 6 Vt. 668.

The fact that a debt has been long overdue, and that the creditors have been unable to secure any payments by frequent pressure, put such creditors on inquiry when the

debtor offers to transfer his whole property to them.  *Wager* v. *Hall,* 16 Wall. 602; *Toof* v. *Martin,* 13 Wall. 40.  That suspicious circumstances will charge a vendee with notice of a vendor's guilty purpose, is well illustrated in *Green* v. *Tantum,* 4 C. E. Green (19 N. J. Eq.), 105.

5. The borrowed money is not a valid consideration.  The rule is well settled that a wife can not, as against creditors of her husband, reclaim money belonging to her which she has permitted him to use in his business or for the payment of his debts, unless there has been an express and definite promise of repayment made at the time of the advance. *Humes* v. *Scruggs,* 94 U. S. 27; *Jackson* v. *Beach,* 9 Atl. Rep. 380; *Wake* v. *Griffin,* 2 N. W. Rep. 461; *Warwick* v. *Lawrence,* 43 N. J. Eq. 179; *Bank* v. *Jenkins,* 65 Md. 245; *Jenkins* v. *Middleton,* 68 Md. 540; *Edelin* v. *Edelin,* 11 Md. 415; 2 Bright, Husb. and W., 259; *Clinton* v. *Hooper,* 1 Vesey, Jr., 188; *Grover Co.* v. *Radcliff,* 63 Md. 496; *Steadman* v. *Wilbur,* 7 R. I. 481; *Hanson* v. *Manley,* 33 N. W. Rep. 357.

6. The alleged alimony is not valid consideration.  The alimony set up as part of the consideration consists of both future and accrued alimony.  The conveysnce is said to be in commutation of all future alimony, but only in partial satisfaction of accrued alimony.  There is no proof of the alleged divorce.

The copy of the alleged decree put in evidence is incompetent because not properly certified, there being no certificate that the attestation is in due form as required by section 905, R. S. U. S.  This omission is fatal to the validity of the copy as evidence.  *U. S.* v. *Biebusch,* 1 Fed. Rep. 213; *Craig* v. *Brown,* Peters C. C. 352; *Trigg* v. *Conway,* Hempstead, 538; *Turner* v. *Waddington,* 3 Wash. C. C. 126.  Nor is the copy made competent evidence by the Maryland act of 1785, Ch. 46, Sec. 1, which allows proof to be made by the seal of the court, of " any debt of record;" because a decree is not a record, a court of equity not being a court of record; and alimony is not a debt, and a decree

for alimony does not evidence a debt of record. *Tolman* v. *Leonard*, 6 App. D. C. 224; *Pain* v. *Pain*, 80 N. C. 322; *Lyon* v. *Lyon*, 21 Conn. 185. A decree is not proved by filing a copy. *Humes* v. *Scruggs*, 96 U. S. 22. The Maryland act is not in force in this District, but is superseded by the act of Congress of 1790, R. S. U. S., Sec. 905, under which copies must be certified. *Gardner* v. *Lindo*, 1 Cr. C. C. 78. The only exception is of cases within Sec. 13 of the act of Feb. 27, 1801. *Parrot* v. *Habersham*, 1 Cr. C. C. 14.

Proof of alimony is inadmissible to vary the consideration expressed in the deed. The deed expresses a cash consideration. This is admitted to be untrue. While the parties to a deed may prove other consideration additional to that expressed, this liberty is allowed only when the expressed consideration is a true consideration. *Betts* v. *Bank of Md.*, 1 Har. and G. 186; *Clarkson* v. *Hanway*, 2 P. Wms. 203; 1 Fonblanque, Equity, 202; *Cole* v. *Albers*, 1 Gill, 412. Even when the consideration is truly expressed, additional consideration can not be shown unless the deed reads " and for other considerations." *Maigley* v. *Hauer*, 7 Johns. 341. Again, when it is permissible to vary the expressed consideration, the proof is limited to additional consideration of the same character with that expressed, and other consideration of different character cannot be shown. If the expressed consideration is a monetary one, marriage cannot be shown as an additional consideration. 1 Phillips, Evid., 552 and note 972; *Watt* v. *Grove*, 2 Sch. & Lef. 492; *Bridgman* v. *Green*, 2 Vesey, 628; *Peacock* v. *Monk*, 1 Vesey, 128. Alimony is not a monetary consideration, but is simply money paid in consideration of marriage. *Tolman* v. *Leonard*, 6 App. D. C. 224.

Future alimony can not be commuted. *Linton* v. *Linton*, L. R. 15 Q. B. 239; *Kempster* v. *Evans*, 81 Wisc. 247; *Jordan* v. *Westerman*, 62 Mich. 170; *DeBlaquiere* v. *DeBlaquiere*, 3 Hag. Ecc. 322. The proposed commutation of alimony con-

stitutes a secret trust, unlawfully reserved to the grantor. This is a fraud in law, and avoids the conveyance. *Means* v. *Dowd*, 128 U. S. 273; *Lukins* v. *Aird*, 6 Wall. 78. The alleged arrears of alimony do not constitute a debt which can be held valid as against creditors. *Tolman* v. *Leonard*, 6 App. D. C. 224.

7. A conveyance, such as the one in this case, must be supported by evidence other than that of the parties. Here only one of the parties is offered to vindicate the transaction. *Enders* v. *Swayne*, 8 Dana, 103; *Besson* v. *Eveland*, 26 N. J. Eq. 468; *Clarke* v. *McGeihan*, 25 N. J. Eq. 423: *Bartles* v. *Gibson*, 17 Fed. Rep. 293; *Venable* v. *Bank*, 2 Peters, 107; *Bank* v. *Beckman*, 36 N. J. Eq. 83; *Carbiener* v. *Montgomery*, 66 N. W. Rep. 900; *Jones* v. *Campbell*, 84 Iowa, 357.

*Mr. Clarence A. Brandenburg* for the appellee, Alice E. Ridenour:

1. The conveyance is not an illegal preference. The act of February 24, 1893, relates exclusively to voluntary assignments by debtors for the benefit of creditors. Neither the act nor the many authorities cited by appellants have any application whatever to the case under consideration. The act was taken from the statute of Illinois. In the case of *White* v. *Cotzhausen*, 129 U. S. 329, cited by the appellants, the Supreme Court went to the extreme and its opinion has since been discredited by the court itself. It involved the construction and effect of a State statute, and the court attempted to decide the case in accordance with the decisions of the highest court in the State of Illinois, but evidently misapprehended the decisions of the highest court of Illinois in cases involving the construction of the same sections of the same act. Subsequently the Supreme Court of Illinois in several cases had occasion to consider the decision of the Supreme Court in *White* v. *Cotzhausen*. *Walker* v. *Ross*, 150 Ill. 50; *Farwell* v. *Nillson*, 133 Ill. 52; *Moore* v. *Meyer*, 47 Fed. R. 99.

In *Bank* v. *Bank*, 136 U. S. 223, the Supreme Court had occasion to consider the effect of a Missouri statute similar to the Illinois statute, and there held the making of a deed of trust and the appointment of a receiver, who was the same person as the trustee under the trust, on the same day, and as part of a proceeding to administer the assets of an insolvent partnership for the benefit of all the creditors, did not constitute an assignment. See also *Cissell* v. *Johnston*, 4 App. D. C. 345.

2. The deed is not fraudulent as to the grantor. But even if it were, that fact could not affect the title of Mrs. Ridenour under the circumstances appearing in this case. The law is well settled that the title of a vendee can not be affected or impaired by the alleged fraudulent conduct of the vendor, unless a conspiracy to the fraud is shown.

3. The burden of proof is on the complainants. Fraud can not be presumed or inferred without proof in a court of equity any more than a court of law, and in both the rule is that he who make the charge must prove it. *Hager* v. *Thompson*, 66 U. S. 80; *Connor* v. *Featherstone*, 12 Wheat. 199; *Collins* v. *Thompson*, 22 How. 246; *Clark* v. *Hackett*, 1 Black, 77; *Hill* v. *Reifsnider*, 46 Md. 555; *Tompkins* v. *Nichols*, 53 Ala. 197; *Baldwin* v. *Buckland*, 11 Mich. 389. While it may be that proof of fraud in the grantor shifts the burden to the defendant, it does not shift it for all purposes. Upon proof of fraud in the grantor, the burden is shifted to the defendant to show that she gave a valid consideration, and then the burden devolves upon the complainants to show that she purchased with guilty knowledge and fraudulent intent. In this case the proof necessary to shift the burden to Mrs. Ridenour has not been made, but assuming the testimony is sufficient, in this particular, yet the consideration was abundant, as hereinafter shown, and the burden still remains with the complainants to show that she purchased with guilty knowledge and a fraudulent intent. *Crawford* v. *Neal*, 144 U. S. 585.

4. Mrs. Ridenour is a purchaser in good faith. She neither had actual notice, nor are there any facts in the record sufficient to charge her with notice of any fraudulent purpose on the part of her grantor. The true principle, as stated by the Supreme Court in *Shauer* v. *Alterton*, 150 U. S. 607, is that "Whatever is notice enough to excite attention and put the party on his guard and call for inquiries, is notice of everything to which such inquiry might have led." While the facts in the case do not call for investigation or inquiry, yet such inquiry would not have led to an ascertainment of an alleged embezzlement and a purpose on the part of Albert Ridenour to defraud the complainants. Knowledge of the existence of the alleged embezzlement and resulting indebtedness, is as vital under the circumstances as knowledge of a purpose to defraud the complainants.

5. The existing indebtedness was a valuable consideration for the subsequent conveyance, inasmuch as the money loaned to Albert Ridenour was part of the separate estate of Mrs. Ridenour, and, at the time of the loans, he expressly promised to repay the same. *Metsker* v. *Bonebrake*, 108 U. S. 66; *Hitz* v. *Bank*, 111 U. S. 722; Bump on Fraudulent Conveyances, pp. 179, 183, 311; *Seymour* v. *Wilson*, 19 N. Y. 417; *Adams* v. *Wheeler*, 10 Pick. 199; *Bank* v. *Timble*, 76 Ind. 195; *Mayfield* v. *Kilgour*, 31 Md. 240.

6. The release of alimony due and to accrue is a valid consideration. The testimony shows that part of the consideration for the conveyance was the release of the arrearages of alimony amounting to about $1,100, and of all claims for future alimony. While the expression is used that the conveyance was made "in commutation of future alimony," the word "commutation" is inaccurate. The alimony to accrue was not commuted. Ridenour was merely released from the payment of future alimony.

The deed reciting a valuable consideration, proof of the true consideration, if also valuable, may be given. *Bank* v.

*Hitz,* 111 U. S. 722; Greenleaf on Evidence, Secs. 285, 304; *Richardson* v. *Traver,* 112 U. S. 423; *Cunningham* v. *Dwyer,* 23 Md. 220; *Shirras* v. *Craig,* 7 Cr. 50; *Bullard* v. *Briggs,* 7 Pick. 533; Bump on Fraud. Conv., p. 596. Alimony is a valuable consideration. *Barber* v. *Barber,* 21 How. 382; *Hobbs* v. *Hall,* 1 Cox, 445; *Werrell* v. *Jacob,* 3 Mer. 256; Bump on Fraud. Conv., p. 395.

7. A *bona fide* purchaser without notice of the fraudulent intent of the vendor and for a valuable and good consideration, no matter what relationship existed between them, is entitled to hold as against all creditors and other persons. *Thorpe* v. *Thorpe,* 12 S. C. 154; *Schwabacker* v. *Rush,* 81 Ill. 311; *Erbe* v. *Cole,* 31 Ark. 554; *Grant* v. *Ward,* 64 Me. 239; *Thornton* v. *Tandy,* 39 Tex. 545. "Fraud ought not to be lightly imputed; the legal presumption is the other way." *Prevost* v. *Gratz,* 6 Wheat. 481; *The George,* 1 Wheat. 408; *Conrad* v. *Nicoll,* 4 Pet. 291; *United States* v. *Arredondo,* 6 Pet. 291; *Gregg* v. *Sayre,* 8 Pet. 244; *Tucker* v. *Moreland,* 10 Pet. 58; *Gaines* v. *Nicholson,* 9 How. 356; *Michaels* v. *Olmstead,* 14 Fed. 22. To justify the imputation of fraud the facts must be such as are not explicable on any other hypothesis. *Trust Co.* v. *Pettway,* 24 Ala. 544; *Morton* v. *Weaver,* 99 Pa. 47; *Mead* v. *Conroe,* 113 Pa. 220. Allegations of fraud should always be clearly proved, either directly or necessarily by circumstances which clearly lead the mind of the court to the conclusion that a fraud has been perpetrated. *Babbitt* v. *Dotten,* 14 Fed. 19.

The fact that the parties occupied the relation of divorced husband and wife does not in and of itself cast any suspicion upon the transaction. *Gottlieb* v. *Thatcher,* 151 U. S. 279.

*Mr. H. H. Glassie* for the appellee, Albert M. Ridenour.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The object of the bill in this case is to establish a claim

of the plaintiffs against Albert M. Ridenour, one of the de-
fendants, and a nonresident of this District, and to have a
certain deed of an interest in real estate, made by the said
Albert M. Ridenour to Alice E. Ridenour, declared void as
being intended to hinder, delay and defraud the creditors of
the grantor, especially the plaintiffs. The deed bears date
the 19th of August, 1895, and was filed for record on the
21st of September, 1895, and the present bill was filed on
the 28th of September, 1895. The debt alleged to be due
the plaintiffs is supposed to have accrued, as money had and
received to their use by the defendant, Albert M. Ridenour,
between June 23, 1894, and February 1, 1895. The claim
is founded upon an alleged embezzlement of money by the
said Albert M. Ridenour, while in the employ of the plain-
tiffs as their bookkeeper, between the dates mentioned. The
case has been in this court on a former appeal by the plain-
tiffs, and upon a reversal of the order appealed from, the
case was sent back for further proceedings (9 App. D. C. 95,
412); and after such further proceedings had, and a full hear-
ing upon evidence, the bill was dismissed by the court be-
low, and the plaintiffs have brought the case here on a sec-
ond appeal. Both Albert M. Ridenour and Alice E. Ride-
nour are now, and have continued to be from a time anterior
to the date of the deed, nonresidents of this District. The
bill alleges that the defendant, Albert M. Ridenour, ab-
sconded or left this District to avoid prosecution or service
of process upon him for his embezzlement or defalcation;
and, consequently, no process could be served upon him in
this jurisdiction to enable the plaintiffs to recover judgment
upon their claim at law. It is further alleged that Albert
M. and Alice E. Ridenour were formerly husband and wife,
but, as the plaintiffs were informed, had been divorced prior
to the time of making the deed, though, as plaintiffs believe,
they had, notwithstanding the divorce, been cohabiting to-
gether as man and wife. It is further alleged that the con-
veyance of the real estate, which consisted of an equity of

redemption in an undivided one-fourth interest in a certain parcel of ground in this District, had been made without consideration, and with intent to hinder, delay and defraud the creditors of Albert M. Ridenour, particularly the plaintiffs, pursuant to a fraudulent scheme concocted between the parties to the deed.

The two defendants, Albert M. and Alice E. Ridenour, answered the bill separately, and they deny all the material allegations of the bill respecting the want of *bona fides* in the making of the deed by Albert M. to Alice E. Ridenour, and they aver that they had been absolutely divorced by a decree of the Circuit Court of Cook County, in the State of Illinois, passed on the 31st of August, 1893 ; and that, by said decree, Albert M. Ridenour was ordered and decreed to pay to said Alice E. Ridenour the sum of $50 per month as permanent alimony; and that the arrears of alimony and the relinquishment of the future accumulations thereof, together with certain considerable sums of money, which had been, from time to time, loaned by Alice to Albert, formed the real and true consideration for the deed for the interest in the real estate conveyed. It is also utterly denied, by both defendants, that they had cohabited together as husband and wife since the divorce, and for some time before. And in the absence of clear and decisive proof of the fact, no presumption can be entertained in support of such allegation as that made by the bill.

Testimony was taken, and among the witnesses examined was Alice E. Ridenour; and her testimony has not been impeached, except as the circumstances of the case may afford grounds for suspicion as to the intent and purpose of the conveyance. Her testimony fully supports the defence set forth in her answer.

There are four principal questions presented by the pleadings and evidence. First, whether the proof establishes with sufficient clearness the existence of the claim set up by the plaintiffs against Albert M. Ridenour. Sec-

ondly, whether the facts and circumstances of the case, as shown in proof, have sufficient probative force to impeach and overcome the *prima facie* effect of the deed from Albert M. Ridenour to Alice E. Ridenour. If not, third, whether the deed so made is an assignment for the benefit of creditors, such as is contemplated by the act of Congress of February 24, 1893, to prevent undue preferences; and, fourth, whether the certified copies of the decree of divorce and for alimony, and of the will of Mrs. Hall, bequeathing a sum of money to Alice E. Ridenour, and the receipt of the latter therefor, are so authenticated as to be admissible in evidence, for the purpose for which they were offered?

1. The proof in respect to the claim of the plaintiffs, considering the nature of the claim, and what it involves, as it affects the defendant, Albert M. Ridenour, apart from mere pecuniary considerations, and the circumstances under which it is made, is not beyond all question or doubt. But, without going into a critical examination of the evidence relied on to establish the claim, we shall, for the purposes of this case, assume that it is sufficiently established, and that the plaintiffs are, and were at the date of the deed in question, creditors of the grantor in the deed, as charged in the bill. And treating the debt as established, we shall proceed to consider the other questions we have stated.

2. The deed recites a money consideration paid of $450, and this fact is much relied on as indicating the falsity of the transaction as between the parties to the deed. And if this was the only consideration for the conveyance, it would have great force as evidence to impeach the *bona fides* of the deed, as against the existing creditors of the grantor. The interest of the grantor in the property conveyed is shown to be more than three times the amount of the consideration stated in the deed. But the deed itself does not furnish the only evidence of the consideration upon which it was made. The testimony of the grantee shows that the real consideration was even more than the value of the interest

of the grantor in the property, as ascertained by judicial sale under a decree. This consideration for the deed, according to the testimony of the grantee, was made up of arrears for alimony, and for alimony to become due, together with certain sums of money loaned by the grantee to the grantor. It is insisted, however, that such additional or superadded consideration to that stated in the deed, is not allowable, and can not be shown to support the deed as against existing creditors of the grantor. But that contention is not supported by settled principle. By numerous cases cited it has been held, that although a mere nominal consideration be stated in the deed, as one or five dollars, yet the true consideration may be shown by parol evidence. The only requirement to the introduction of evidence of such additional or true consideration by parol is, that the true or superadded consideration, proved by parol, shall be of the same nature and kind as that stated in the deed, and not inconsistent therewith. *Hitz* v. *National Bank*, 111 U. S. 722; *Richardson* v. *Traver*, 112 U. S. 423, 431; *Shirras* v. *Craig*, 7 Cr. 34, 50; *Cunningham* v. *Dwyer*, 23 Md. 220; *Bullard* v. *Briggs*, 7 Pick. 533; 1 Greenl. Ev., Secs. 285, 304; Bump on Fraud. Conv. 596, and cases there cited. It is an admitted principle that a deed is valid in law with any valuable consideration, however small, but as inadequateness of consideration may be relied upon to prove, and is often very strong evidence of fraud, a party claiming under the deed may show that it was made upon another and a greater consideration than that which is expressed therein; and this is allowed to rebut the presumption of fraud which might arise from the apparent inadequate consideration expressed in the deed. *Bullard* v. *Briggs, supra.* And this additional consideration may consist either of money paid to the grantor, or to his creditors, or an indebtedness due to the grantee, or liability for the grantor, or other valuable consideration. And as to what constitutes a valuable consideration, especially in respect to an antecedent debt

or liability, we may refer to the case of *Currie* v. *Misa,* L. R. 10 Exch. 153, a case in the Exchequer Chamber, where the opinion of the court was delivered by Mr. Justice Lush, and wherein the result of the authorities is stated to be, that "a valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other;" citing Com. Dig. Tit., Action on the Case, Assumpsit B. 1–15.

It is objected by the plaintiffs, and strongly urged in argument on their behalf, that what is attempted to be proved by Mrs. Ridenour, the grantee, as the true and additional consideration for the deed, to that stated on its face, is not sufficiently established to be accepted as reliable evidence; and, so far as the alleged additional consideration is made up of the arrears of alimony due, and of alimony to become due under the decree for divorce, such alimony does not, and from its nature could not, form any valid portion of the consideration for the deed. It is argued that alimony decreed to be paid is not a debt, and therefore Mrs. Ridenour was not a creditor of her late husband in respect of such alimony, decreed to be paid by him; and therefore the deed derives no support in respect of the alleged alimony that was included in the consideration therefor. But, in our opinion, this argument is rather more specious than sound. It is true, alimony awarded is not regarded as a debt in the strict technical sense of that term; but the decree of the court awarding alimony imposes a duty and an obligation upon the party against whom it is passed, and confers a benefit and a means of support upon the person in whose favor it is made. It is enforced as a judgment or decree (*Allen* v. *Allen,* 100 Mass. 373; *Tolman* v. *Leonard,* 6 App. D. C. 224); and if the parties happen to reside in different States, such judgment or decree is enforced by the courts of the United States. *Barber* v. *Barber,* 21 How. 582. And a judgment or decree for alimony, or a settlement in

lieu of alimony that would have been decreed, is not regarded as being in derogation of the rights of creditors of the party obligated to pay alimony, and therefore is not within the prohibition or prevention of the Stat. 13 Elizabeth. *Hobbs v. Hull,* 1 Cox Ch. 445. It is clear, we think, that the surrender of a claim for alimony due, or to become due, under a decree of a court, constitutes valuable consideration within the meaning of the law, as against the creditors of the party bound to pay such alimony.

If, therefore, the true and additional consideration for the deed be such as is testified to by Mrs. Ridenour, there can be no doubt there was a valuable and an adequate consideration as against the existing creditors of the grantor.

The gravamen of the bill, in the effort to reach the property conveyed by the deed, is the alleged or supposed fraud and collusion of the grantor and grantee to cheat and defraud the creditors of the former, and especially the plaintiffs; and this charge, and the presumption sought to be raised and maintained in respect to the conduct of the parties, are largely predicated of the fact of the former relations that existed between the grantor and grantee in the deed—that of husband and wife. But, as said by the late Mr. Justice Jackson, speaking for the Supreme Court of the United States, in the case of *Gottlieb* v. *Thatcher,* 151 U. S. 271, 279, "the relationship of the parties does not, of and in itself, cast suspicion upon the transaction, or create such a *prima facie* presumption against its validity as would require the court to hold it to be invalid *without proof* that there was fraud on the part of the grantor, *participated in by the grantee.* This proposition is so well settled that authorities need not be cited in its support."

In this case, the *onus* of proof throughout is upon the plaintiffs. It is incumbent upon them, not only to establish their claim as charged against Albert M. Ridenour, including as it does the crime of embezzlement, to the entire satisfaction of the court, but to show by clear and indubit-

able proof that the deed assailed is the offspring of the
fraud and collusion of the grantor and grantee therein.
The case cannot rest upon presumption merely, because
fraud is never presumed ; and in this case, while there may
be circumstances to excite suspicion, there is not that clear
and definite proof to overcome the *prima facie* validity of
the deed, supported as it is by the positive testimony of the
grantee, Mrs. Ridenour. She not only proves by her testi-
mony an adequate valuable consideration for the deed, but
she proves that she had not the slightest knowledge of the
existence of the plaintiff's claim at the time she accepted
the deed. If this be true, there is nothing to support this
case, charging fraud and collusion as it does, as against the
grantee in the deed, assuming the consideration of the deed
to be valid.

The effort to impeach her veracity was simply abortive.
The single witness examined upon that subject is a brother
of the late husband of Mrs. Ridenour, and he seems to be
actuated entirely by personal prejudice to the divorced wife
of his brother; and while he says there was a family preju-
dice against the woman, he admits that he had never heard
that her reputation for truth and veracity was bad; and
that the subject of her truth and veracity he had never
heard discussed. There is really no ground for rejecting
her testimony. And that being so, the question is, not
what Albert M. Ridenour may have intended, or what rea-
sons may have influenced him in making the deed,
whether to defeat the claim of the plaintiffs or not, if the
grantee in the deed has done nothing improper to procure
its execution, but only accepted the deed, upon adequate
valuable consideration, in good faith. In such case, the
deed is beyond impeachment by the creditors of the grantor.
This is settled and fully illustrated, by the case of *Marbury*
v. *Brooks*, 7 Wheat. 556, and S. C. 11 Wheat. 78. In that
case, it was held, as it has been held in many prior and
subsequent cases, that a debtor had the right to prefer one

creditor to another in payment, and his private motives for
giving the preference can not affect the exercise of the right
if the preferred creditor has done nothing improper to pro-
cure it.   And the same principle was fully maintained, by
the same court, in the case of *Prewit* v. *Wilson,* 103 U. S.
22, where it was held that a conveyance for a valuable and
adequate consideration will be upheld against the grantor's
creditors, however .fraudulent his purpose was, if the grantee
had no knowledge of such fraudulent purpose.   It is a prin-
ciple of general application, that where a transfer is made
to a creditor, or a person occupying the position of a credi-
tor, his equity is as strong as that of others occupying a
similar position, and he or she is entitled to the benefit of
the general rule, that where the equities are equal the legal
title must prevail.   An existing indebtedness is, therefore,
according to all authority, a good and valuable considera-
tion for a conveyance within the proviso of the statute of
Elizabeth, which saves the rights of *bona fide* purchasers.
There being no equity prior or superior to that of the
grantee in the deed, the necessity which calls for a new con-
sideration in other cases does not exist.   Bump, Fraud.
Conv., pages 179, 183 and 186, and cases there cited; *Sey-
mour* v. *Wilson,* 19 N. Y. 417; *Adams* v. *Wheeler,* 10 Pick.
199; *Hitz* v. *Nat. Bank,* 111 U. S. 722.   This was the con-
clusion of the learned judge below, and we heartily agree
with him.

3. But it is insisted, that though it be found that there is
a sufficient valuable consideration for the deed, made up of
the pre-existing liabilities of the grantor, yet the deed must
be treated as a voluntary assignment for the benefit of the
creditors of the grantor, within the act of Congress of Feb-
ruary 24, 1893, declaring void all preferences of one creditor
over another; and that the grantee in the deed holds the
property conveyed as trustee for all the creditors of the
grantor.   But to this proposition we can not assent.

The act declares that every provision in any assignment

thereafter made in the District of Columbia, for the payment of one debt or liability in preference to another, shall be void, and all debts and liabilities *within the provisions of the assignment* shall be paid *pro rata* from the assets thereof. The present is an absolute deed of conveyance, and there is nothing whatever to indicate an intention on the part of the grantor to create a trust for the payment of any particular debt or liability. It is well understood what meaning the law attaches to the terms " voluntary assignment for the benefit of creditor or creditors." It does not mean the making of an absolute conveyance of property directly to a creditor in payment and discharge of a pre-existing debt or liability, as a consideration therefor. While such a conveyance may have the effect of giving a preference to such creditor, it is not an assignment for the benefit of creditors within the meaning of the statute. If it were so, no debtor, in embarrassed circumstances, could devote his property to the payment of any particular creditor, if more than one, or create a lien or incumbrance in favor of a particular creditor, by mortgage or deed of trust. He might sell and convey his property to a stranger, and put the money in his pocket, but he could not convey it to a particular creditor in payment of an antecedent debt. It was certainly not the design of the statute to have any such effect, and statutes of the same import have not been so construed. *Nat. Bank of Chicago* v. *Bank of Kansas City,* 136 U. S. 223; *Walker* v. *Ross,* 150 Ill. 50; *Cissel* v. *Johnston,* 4 App. D. C. 345.

But in this case the plaintiffs have not treated the deed as a voluntary assignment for the benefit of a particular creditor under the act of Congress but they treat and proceed against the deed in their bill, as a conveyance made to hinder, delay and defraud creditors, under the Statute of Elizabeth; and they must stand by the case as they have presented it.

4. It remains to consider the question raised by the plaintiff's objection to the admissibility in evidence of the copy

of the will of Mrs. Fannie Hall, under which Mrs. Ridenour derived a legacy of $3,000, and the receipt given therefor to the executor; and also to the copy of the decree of the Circuit Court of Cook County, in the State of Illinois, granting a final and absolute divorce to Mrs. Ridenour, from Albert M. Ridenour, dated the 31st of August, 1893, and awarding to the former permanent alimony of $50 per month from the 1st of September, 1893. The ground of objection to the admissibility of these documents, though certified under the seals of the respective courts, is that they are not formally authenticated as required by the act of Congress.

Neither of the documents objected to was put in issue by the pleadings in the cause. Indeed, the fact of the divorce was virtually conceded by the bill; but the plaintiffs alleged that the parties had subsequently cohabited together as man and wife. The documents were simply referred to and exhibited in support and corroboration of the testimony of Mrs. Ridenour, to show the extent of her means, and what constituted the consideration for the deed. For such purpose we think they were admissible; and clearly so under the Maryland statute of 1785, Ch. 46, Secs. 1 and 2, that statute being in force in this District. Ab. Comp. Stat. D. C., p. 220. These documents are sufficiently authenticated under the Maryland statute just referred to; and it is well settled that the method of authentication prescribed by the act of Congress of 1790 is *not exclusive* of any other which the States may think proper to adopt. 1 Greenl. Ev., Sec. 505. Upon the question of the applicability of the act of Congress, see the case of *Turnbull* v. *Payson*, 95 U. S. 418, 423.

In the case of the decree for divorce and alimony, the whole record, including pleadings and depositions, is not given, but only the decree, reciting the proceedings upon which it was founded; and this omission of the pleadings and depositions is made ground of objection to the admissibility of the certified copy of the decree. But looking to the purpose for which the decree was offered we think the

objection is not well founded.   It was not offered to operate as an estoppel, but only by way of explanation and as corroborative of the witness.   In Buller's N. P., p. 235, it is laid down as law, that " if a party wants to avail himself of the decree only, and not of the answer or depositions, the decree being under the seal of the court and enrolled, may be given in evidence without producing the bill and answer, and the opposite party will be at liberty to show that the point in issue there was not *ad idem* with the present issue."   See also the case of *Trotter* v. *Blake*, 2 Mod. 231. And in 1 Starkie on Evidence, part 2, Sec. 87 (Metc. Ed.), p. 246, it is said that " a sentence of the spiritual court of a divorce *a mensa et thoro*, has been received as evidence without proving the libel and other proceedings."   And so a copy of a will engrossed under the seal of the ordinary, with certificate of its having been proved and admitted to probate, will be received.   3 Bac. Ab., Tit. Executor; Bul. N. P. 245, 246.   But if the party desires to prove the facts upon which the decree or sentence was founded, or relies upon the decree or sentence as an estoppel, he must produce the bill, or libel, and answer, and all other proceedings that made up the record.

Finding no error, we shall affirm the decree of the court below; and it is so ordered.

*Decree affirmed.*